### Lyons *v.* Jube et al.

*(Supreme Court, General Term, Second Department. February 8, 1892.)*

PRINCIPAL AND AGENT—SALES ON COMMISSION—COMPENSATION FOR COLLECTIONS.

Plaintiff sold goods for defendants on commission for more than five years, during which frequent settlements were had and receipts given. When going among his customers, plaintiff was in the habit of making collections from them on account of past sales, and in a few instances rendered a bill and received pay therefor from defendants. After leaving defendants' employ, he brought an action to recover compensation for such collections. *Held*, that no contract to pay therefor should be implied on defendants' part.

Appeal from judgment on report of referee.

Action by Frank Lyons against John P. Jube and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. J. Spencer*, for appellant. *Charles H. Machin*, for respondents.

PRATT, J. The proof shows that plaintiff sold goods for defendants on commission for upwards of five years. An account was kept between the parties, which was open to plaintiff to examine at any time. Frequent settlements were had, and receipts in full were given. After leaving defendants' employ, plaintiff brings this action to recover for collections made by him during the five years. During that time no account of the collections made by him had been kept by either party. The amount must be conjectured. His claim was not advanced until after his employment ceased. The fact that in a few cases he rendered a bill and received pay for certain collections may be considered as an evidence that in the other cases no charge was to be made. On the whole case the fact appears to be that plaintiff, when going among his customers to make sales, took with him the bills made out for past sales, and collected them at the same visit. It might well be that so doing would impose no burden upon him, and that he would willingly make the collections to help along the business, and make his usefulness more apparent. We think it was correctly held below that no express contract for further compensation was proved, and that none could be implied. Judgment affirmed, with costs. All concur.